# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) Allegiant Marketing Group, Inc., an Oklahoma company;<br><br>       Plaintiff,<br><br>V.<br><br>2) May Avenue Ford, L.L.C. d/b/a David Stanley Ford (registered Oklahoma trademark);<br><br>3) Chad Brooks, an individual residing in Oklahoma<br><br>4) Accelerated Dealer Services, LLC, an Oklahoma limited liability company; and<br><br>5) Platinum Plus Printing, LLC, a Minnesota limited liability company;<br><br>6) M&N Dealerships V, LLC d/b/a Lawton Chrysler Jeep Dodge, an Oklahoma limited liability company; and<br><br>7) Veugeler Design Group, Inc., a Georgia corporation,<br><br>8) M&N Dealerships IV, LLC d/b/a Barry Sanders Supercenter<br><br>       Defendants. | Case No. CIV-12-1212-HE |

# SECOND AMENDED COMPLAINT[1]

---

[1] The Second Amended Complaint was filed according to leave granted by the Court on September 20, 2013 (Doc. 73) and adds the eighth listed party noted in the style.

1.  This is a civil action seeking damages and injunctive relief for, *inter alia*, copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2.  Jurisdiction and venue of this Court are properly invoked under 28 U.S.C. §§ 1331, 1338, 1367, 1391 and/or 1400.

3.  Plaintiff Allegiant Marketing Group, Inc. ("AMG") is an Oklahoma company having its headquarters at 13930 North Harvey Avenue, Edmond, Oklahoma 73013. AMG prints and mails direct mail pieces, and they have one particularly successful piece that they call "mystery mania," which involves a sealed envelope within a mailer, which sealed envelope must be taken to the dealership to find out if the recipient has won one of a number of prizes up to and including a new car. AMG's "mystery mania" program was copyrighted on February 25, 2009. *See* Certificate of Copyright Registration for "Mystery Mania Advertising Materials" attached hereto as Exhibit 1; and copy of the registered work attached hereto as Exhibit 2 (referred to herein as "Mystery Mania").

4.  Defendant Chad Brooks is an individual residing in Oklahoma who does business as Defendant Accelerated Dealer Services, LLC ("ADS"). ADS is an Oklahoma limited liability company with its registered agent at 7426 Sleep Hollow Avenue, Blanchard, OK 73010. ADS was formed on August 4, 2008. ADS' web site lists its "headquarters" as 700 N. Main Street, Newcastle, OK 73065. Brooks was previously employed by AMG, but his employment ended June 2007. While he was employed by AMG, he did business as a sales person with various vehicle dealerships using the "David Stanley" name including, but not limited to "David Stanley Ford." Brooks and his

corporate entity, ADS, will be collectively referred to herein as "Brooks." Brooks offered, among other mail pieces, a marketing mailer referred to as "Peek-A-Boo" that was copied from Mystery Mania. Brooks sold the Peek-A-Boo mailer to at least eight different dealerships for at least 11 different campaigns. Plaintiff's claims against Brooks are not limited solely to Peek-A-Boo campaigns, but include any mailers copied or derived from Plaintiff's works. The Oklahoma companies that purchased Peek-A-Boo are parties to this litigation and dealerships outside of Oklahoma are expected to be named in separate lawsuits filed in the state(s) where they do business.

5. The wrongful conduct of Brooks complained of herein is not the first time Brooks has infringed Plaintiffs' rights. On October 26, 2009, Plaintiff, through its attorney Andy Peterson at McAfee & Taft, wrote to Brooks alleging that along with Direct-2-Dealers (a business enterprise operated by Angie Straub) Brooks infringed Plaintiff's copyright in Mystery Mania.

> It has come to the attention of Allegiant that you are using…Allegiant's copyrighted work in connection with automobile marketing and advertising promotions. Your promotions are substantially similar to Allegiant's Mystery Mania promotions. As a former employee of Allegiant, you are surely aware of Allegiant's ownership interest in the Mystery Mania product. In fact, Allegiant has secured a copyright registration directed to this program, a copy of which is enclosed for your reference….We demand that you immediately stop selling any program substantially similar to the Mystery Mania package.

Exhibit 5 (October 26, 2009 letter from Andy Peterson to Chad Brooks).

6. In addition to infringing Plaintiff's works at least one time previously, Brooks has recently been accused of copying a competitor's mail piece alternatively referred to

as either "Leatherbook" or "Seize The Opportunity."   Regarding this alleged infringement, Brooks received a cease and desist letter.

7.   Defendant May Avenue Ford, L.L.C. is an Oklahoma limited liability company formed February 7, 2002 and having its registered agent as Toby G. Flowers, 614 Southwest 74th, Oklahoma City, Oklahoma 73139.   May Avenue Ford, L.L.C.  registered the Oklahoma trade name "David Stanley Ford" as of February 7, 2002, and hereinafter it will be referenced using its registered trade name.   David Stanley Ford is one of an affiliated family of dealerships doing business under the "David Stanley" name.

8.   Todd Ritz, is a telecommunications executive of David Stanley Ford, and he is authorized to act as an agent of David Stanley Ford.   Ritz has been one of the traditional contacts through which AMG has done business with David Stanley Ford, and he has been a contact for AMG sale force in the past, including for Brooks while he worked for AMG.   *See, for example,* Exhibit 3 which is an email from Adam Diesselhorst, an AMG salesperson, to Todd Ritz dated June 27, 2011.   In AMG's sales pitches to Ritz, AMG personnel emphasized that their Mystery Mania mail piece was copyrighted, and that David Stanley would have temporal market exclusivity if they bought the Mystery Mania program from AMG using its copyrighted mail pieces.   Ritz signature on behalf of David Stanley Ford is identified as the "Authorized Signature" for David Stanley Ford in Figure 8 taken from the Accused Mailer (see ¶10, below).   Ritz is also featured on Brooks' web site with a testimonial.   *See* http://adsautomarketing.com/about/ (click on the second picture from the left).   Ritz is quoted as saying: "We started working with

ADS about a year and a half ago. Our experience has been excellent. We get a good return on our investment and ADS is very easy to work with."

9. Two separate times in late 2011 David Stanley Ford hired AMG to undertake its Mystery Mania program on David Stanley Ford's behalf. Each time David Stanley Ford, directly or through an intermediary, approved artwork labeled with AMG's copyright claims. Each time David Stanley Ford, directly or through an intermediary, agreed to contract terms providing that "Customer agrees that all materials created or provided by AMG are owned by AMG. Customer agrees that Customer will not modify or make unauthorized copies of such materials or request that any third party do the same."

10. Defendant Platinum Plus Printing, LLC ("Platinum Plus") is a Minnesota limited liability company with offices at 400 Congress Street West, Maple Lake, Minnesota 55358. It is in the business of printing and mailing direct marketing pieces for its customers. Platinum Plus web site describes its services as follows: "Just short of actually milling our own paper we do everything under steel beams and one roof. No. Really. Everything!" Platinum Plus was responsible for printing 11 separate campaigns for ADS of at least eight different dealerships.

11. M&N Dealerships V, LLC d/b/a Lawton Chrysler Jeep Dodge, is an Oklahoma limited liability company with service agent John Hunt at 3334 W. Main St., Suite 531, Norman, OK 73072 ("M&N V"). M&N Dealerships IV, LLC is an Oklahoma limited liability company having an Oklahoma registered trade name "Barry Sanders Supercenter" ("M&N IV") and also having the same registered agent and service address as M&N V. On information and belief, at

least one of the owners of M&N IV is also an owner of M&N V.  M&N IV operates a Chrysler, Jeep and Dodge dealership at 4120 W. 6th Ave. in Stillwater, OK 74074 ("Sanders Supercenter"). Under its unregistered trade name "Lawton Chrysler Jeep Dodge," M&N V operates a dealership at 215 SE 8th St. in Lawton, OK 73501 ("Lawton CJD").  Both Sanders Supercenter and Lawton CJD hired ADS to produce a Peek-A-Boo mailer for them at least one time.  On information and belief, M&N IV and/or M&N V have owners in common with M&N Dealerships, LLC having an Oklahoma registered trade name "Edmond Hyundai," which was specifically advised, when it asked AMG for a price break in view of ADS' offer of a copycat program, that Mystery Mania was copyrighted, and use of ADS to produce a copycat program would result in copyright liability.  Therefore, M&N IV and/or M&N V knew or should have known that Mystery Mania was copyrighted, and their infringements are thus intentional and willful.

12.     Veugeler Design Group, Inc., a Georgia corporation ("Veugeler") is a graphic design company that works with a variety of industries regarding print design (including magazines and advertisements largely for the automotive industry), website design, event marketing, social media.  Its web site http://thedesignpub.com/ describes its services in greater detail, and http://thedesignpub.com/automotive-design/ focuses on their work in automotive design.  Veugeler has been ADS exclusive provider of graphic and design services for relevant time frames, and it put the Peek-A-Boo campaign, among others, together for ADS.  Veugeler's principal offices are at 554 W. Main St., Bld A, Suite 400, Buford, GA 30518, and its registered agent is Amanda Kelley at 1815 Hwy 41 NW, Kennesaw, GA 30152.

13.     In or about May 2011, AMG learned from one of its customers, Connor Auto Group in Lawton, Oklahoma, that Brooks had offered to Connor Auto Group a copy

of the Mystery Mania program.  Brooks offered to provide a copy of the Mystery Mania program at a lower price than AMG offered, and Conner Auto Group asked AMG if they would match Brooks' price.  AMG notified Connor Auto Group that Brooks was not authorized to use their copyrighted Mystery Mania program, and doing so would subject both Brooks and Connor Auto Group to copyright infringement claims by AMG.  On or about June 15, 2011 Conner Auto Group or its agents or employees transmitted by email a copy of Mystery Mania being developed for Conner Auto Group to Brooks with the intent of having Brooks develop a copycat version of the mailer for Conner Auto Group.  Due to AMG's warnings to ADS and to Conner, ADS did not undertake a copycat program for Conner Auto Group in 2011.

14.  However, on May 1, 2012 Chad Brooks found the 2011 email in which he had received a copy of the Conner Auto Group Mystery Mania mailer, and he forwarded it to Tommy Brooks (Chad Brooks' cousin and an employee of ADS).  On further information and belief, the Tommy or Chad Brooks or someone else on their behalf or behalf of ADS forwarded the Mystery Mania version developed by Plaintiff for Connor Auto Group to Veugeler, who developed a copycat "Peek-A-Boo" mailer therefrom.[2]

---

[2] The actual copying undertaken by Brooks and/or Veugeler was from a derivative work created after the original Mystery Mania mailer was copyrighted.  However, this fact does affect the validity of Plaintiff's claim as the right to create derivative works is among the exclusive rights granted to copyright holders. *See, e.g., Montgomery v. Noga*, 168 F.3d 1282, 1291-93 (11th Cir. 1999) (rejecting defendants' argument that plaintiff had no valid claim for commencement of an action for infringement of his unregistered copyright in a derivative work taken from the original copyrighted work).

15.   From May 16, 2012 to October 20, 2012, Brooks sold at least 11 campaigns using the copycat Peek-A-Boo mailer including the Accused Mailer discussed in more detail below.

16.   In October 2012, the president of AMG, Csaba Mathe, received at his home a direct mail piece from David Stanley Ford.  See Exhibit 4 attached hereto.  The material attached as Exhibit 4 will be referred to herein as the "Accused Mailer."  The Accused Mailer received by Mathe was an obvious copy of AMG's copyrighted Mystery Mania program.  Each page of the Accused Mailer is compared in the following ten figures to the corresponding copyrighted page from AMG's copyrighted Mystery Mania program to illustrate just a few of the obvious similarities between the two.



**Figure 1 - Mystery Mania Outer Envelope**



**Figure 2 – Accused Mailer Outer Envelope**

17.  Figure 1, above, is the front of the outer envelope of AMG's copyrighted Mystery Mania program.   One of the distinguishing characteristics of  this page is a large pentagon in the form of an arrow inside of which, text is printed.  The pentagon is located at the left edge of the envelope, and the arrow points to the right edge.  The corresponding page from the Accused Mailer, Figure 2 above, duplicated the pentagon's shape, location, and the direction it is pointing, though it reversed the fill and text colors.  Mystery Mania has dark fill in the pentagon with light text, and Brooks' copy has light fill with dark text.  The statutory copyright notice is provided in the lower-left

corner of the pentagon in Mystery Mania, and that portion of the envelope shown in detail adjacent hereto: "Copyright © 2008 Allegiant Marketing Group."

18.  The next similarity between Mystery Mania and the Accused Mailer is the use of an envelope within an envelope.  The inner envelope in Mystery Mania and the Accused Mailer instruct the recipient not to open the inner envelope until they take it to the dealership.  As with the outer envelope, both have this instruction text inside of a large pentagon-shaped section at the left edge of the envelope.  This tactic, of asking the recipient to bring the unopened envelope to the dealership, helps maximize the number of recipients who actually come into the sponsoring dealership at which point sales become much more likely.

19.  Figure 3, below, represents the front of the inner envelope included with Mystery Mania, and Figure 4, below, represents the corresponding front of the inner envelope for the Accused Mailer.  Multiple indicia of copying are present in this instance.  First, as noted regarding Figures 1 and 2, the pentagon at the left edge of the page is copied, but the fill and font colors are reversed.  Second, identical text appears on the front left in the pentagon in all caps: "DO NOT OPEN! READ THIS FIRST!"  Third, at the bottom right of both envelope fronts, the following identical prominent text appears in all caps:  "OFFER NOT VALID IF ENVELOPE IS OPENED!"  Finally, at the top of each of the inner envelopes, the text varies slightly, but the same essential message is conveyed in bold text:  you may "WIN A NEW/FREE CAR."

20.  Figure 5, below, represents the back of the inner envelope included with Mystery Mania, and Figure 6, below, shows the corresponding back of the inner envelope

from the Accused Mailer.  A pentagon in the shape of an arrow is present on the back of the envelope, but this time, both versions have the pentagon at the right edge of the envelope pointing to the left.

21.  There are a series of steps specified on the inner envelope in both instances, though they are on different sides of the inner envelope in Mystery Mania compared to the Accused Mailer.  Mystery Mania has four steps, the first of which directs the recipient to not open the envelope, but rather to make an appointment with the dealership. *See* Figure 5, back of Mystery Mania inner envelope.  The Accused Mailer has moved the steps to the front of the inner envelope, and it lists this first step as a bold headline telling the recipient "Do Not Open!"  *See* Figure 4, front of Accused Mailer inner envelope. Steps 2 through 4 from the Mystery Mania instructions are virtually identical to steps 1 through 3 of the Accused Mailer's instructions.  One step in both includes directions for the recipient to "bring this unopened envelope with you…"  Similarly, another step in both sets of instructions tells the recipient that a "representative" will "open your envelope to tell you what you've won."  A final step in both sets of instructions advises the recipient that they are "GUARANTEED to receive" a new car, *inter alia* (the word "guaranteed" in all caps in both sets of instructions).



**Figure 3 - Mystery Mania Inner Envelope Front**



**Figure 4:  Accused Mailer Inner Envelope Front**



**Figure 5 - Mystery Mania Inner Envelope Back**



**Figure 6 - Accused Mailer Inner Envelope Back**

22.   Inside the inner envelope of both Mystery Mania and the Accused Mailer are two documents:   (1) a "discount voucher" and (2) a "congratulations" document.   The use of the same two documents in addition to the fact that both use the envelope-in-an-envelope configuration is another notable similarity further bolstering the evidence of copying.

23.   Figure 7, below, reproduces the discount voucher from Mystery Mania, and Figure 8, below, reproduces the corresponding discount voucher from the Accused Mailer.   Both discount vouchers have the overall look and feel of a check.   Both have a dark band at the top in which the phrase "discount voucher" is printed in light text.   In the place where a check number would usually be printed, both use the identical text "No: 0412" over the word "ISSUED," in all caps, with a solid line dividing those two phrases.   This arbitrary phrasing and formatting is highly unlikely to have been chosen by chance in the Accused Mailer.   Rather, it is powerful evidence of intentional copying by Defendants. Directly adjacent hereto, the "No: 0412" feature described are shown in detail figures: the upper figure shows the feature from Mystery Mania, and the lower figure shows the corresponding feature from the Accused Mailer.





**Figure 7 - Mystery Mania Discount Voucher**



**Figure 8 - Accused Mailer Discount Voucher**

24. Figure 9, below, reproduces the "congratulations" page from Mystery Mania, and Figure 10, below, reproduces the corresponding "congratulations" page from the Accused Mailer. Both congratulations sheets have the same title, and both use a code number to determine what the recipient may have won. The background color of the congratulations sheets is similar – a light brown. As was seen with certain elements above, an intentional flipping of the color scheme in the "congratulations" banner at the

top is seen where the light text on dark background from Mystery Mania was flipped in the corresponding "congratulations banner" on the Accused Mailer to light text on a dark background. The congratulations page from the Accused Mailer includes a copyright claim by ADS.



**Figure 9 - Mystery Mania Congratulations Page**



**Figure 10 - Accused Mailer Congratulations Page**

25.  The similarities between the copyrighted version of Mystery Mania and the Accused Mailer are striking.  When the Accused Mailer is compared to the derivative piece from which it was directly copied, the similarities are even more apparent.  The Conner Auto Group version of Mystery Mania from which it is believed the Accused Mailer was directly copied is thus attached as Exhibit 6.

26.  As noted above regarding Conner Auto Group, Brooks had specific access to AMG's Mystery Mania copyrighted materials and more general access since they are widely mailed to the public and are thus are easily available to members of the public such as Brooks.

27.  Ritz, as an agent of David Stanley Ford, was specifically advised multiple times by AMG's salespersons that AMG's Mystery Mania program was copyrighted and that by hiring AMG, David Stanley Ford would have a temporal geographic exclusive to the Mystery Mania program in the Oklahoma City metropolitan area.  Further, copyright notice is given on the face of the Mystery Mania outer envelope, and these sample materials were provided to Ritz and other David Stanley Ford personnel during multiple sales presentations by AMG.  In agreeing to run the Mystery Mania program with AMG, David Stanley Ford acknowledged AMG's copyright in writing.

28.  Therefore, both Brooks and David Stanley Ford knew, or should have known, that Mystery Mania was copyrighted intellectual property of AMG.

29.  On information and belief, AMG asserts that Veugeler and/or Platinum Plus created the Accused Mailer based upon a copy provided to them by Brooks of AMG's

Mystery Mania program.  In creating the Accused Mailer, Veugeler and/or Platinum Plus should have seen the copyright notice present in the Mystery Mania. *See* Figure 1.

30.  By willfully taking an appropriating AMG's copyrighted Mystery Mania program Defendants knowingly violated AMG's copyright.  Therefore, they should be required to pay statutory and/or actual damages.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

31.  Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Amended Complaint.

32.  Plaintiff's artwork consists of original works of authorship fixed in a tangible medium of expression.

33.  Plaintiff's works have been registered with the United States Copyright Office, and, as an entity with exclusive rights granted by the owner and holder of copyright protection, Plaintiff has the exclusive rights of reproduction, preparation of derivative works, distribution, and display of same. 17 U.S.C. § 106.

34.  Defendants copied, distributed and sold, without Plaintiff's knowledge, consent or permission, Plaintiff's works for Defendants' commercial use and benefit, including without limitation, for the purpose of financial gain and obtaining a competitive edge over Plaintiff.

35.  The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

36. As a result of Defendants' infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 USC § 505.

37. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 USC. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing the Plaintiff's copyrights and ordering that each Defendant destroy any copies of Mystery Mania made in violation of the Plaintiff's copyrights.

## SECOND CAUSE OF ACTION
## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

38. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Amended Complaint.

39. In conjunction and/or in concert Defendants copied, reproduced, sold, and distributed Plaintiff's protected artwork for Defendants' financial gain.

40. Defendants knew or should have known that their conduct would infringe Plaintiff's rights in their copyrighted works, to wit, Defendants had actual or constructive knowledge regarding copying, reproducing, distributing and selling the subject works, and Defendants failed or refused to stop same, which resulted in an infringement of protected works of expression, and that said conduct would damage Plaintiff.

## THIRD CAUSE OF ACTION
## INTERFERENCE WITH PROSPECTIVE BUSINESS INTERESTS

41. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Amended Complaint.

42. By copying, reproducing, distributing and selling Plaintiff's works for their own commercial use and benefit, Defendants interfered with, impeded and/or prevented Plaintiff's ability to realize commercial gain from their creative efforts. Specifically, Defendants poached particular customers who desired to run marketing promotions using Plaintiffs' works. In addition, the sale of copies of Plaintiff's copyrighted work to Plaintiff's potential customer has decreased Plaintiffs' ability to build further market its Mystery Mania program.

43. As a result of Defendants' conduct, Plaintiff has been denied the right and opportunity to create business relationships and to generate income therefrom.

WHEREFORE, Plaintiff respectfully requests the Court rule in its favor and against the Defendants, individually and jointly, and award Plaintiff all actual, compensatory, consequential, direct, and indirect damages as a result of Defendants' infringement and related wrongful conduct; awarding Plaintiff for all monies lost; awarding Plaintiff exemplary damages; impounding all works wrongfully copied and enjoining Defendants from such future wrongful conduct; awarding Plaintiff the costs and expenses of this lawsuit, including reasonable attorneys' fees; interest; and such other and further relief as this Court deems proper.  More to the point, Plaintiff asks the Court to:

- Enter preliminary and permanent injunctions providing Defendants shall be enjoined from directly or indirectly infringing the Plaintiff's rights in the Mystery Mania program, and ordering Defendants to destroy all copies of Plaintiff's Mystery Mania program in Defendants' possession, custody, or control;

- Award actual damages or statutory damages pursuant to 17 USC § 504, at the election of the Plaintiff;

- Award Plaintiff's costs in this case;

- Award Plaintiff's reasonable attorney fees; and

- To provide such other and further relief as the Court deems proper.

Respectfully submitted,

/S/ Edward L. White/

Edward L. White, OBA #16549
Edward L. White, P.C.
825 East 33rd Street
Edmond, Oklahoma 73013
Telephone:  (405) 810-8188
Facsimile:  (405) 608-0971
Email:  ed@edwhitelaw.com

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

## Certificate of Service

I hereby certify that on September 23, 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:  Drew T. Palmer; Evan Grant E. Vincent; Timothy A. Heefner; James L. Gibbs, II; Jared B. Cunningham; Greg Castro; Kyle D. Evans; and Terry Tippens.  A courtesy copy was separately emailed by me to Ward Hobson, potential counsel for Veugeler.

/S/ Edward L. White/

Edward L. White, OBA #16549