IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ALLEGIANT MARKETING GROUP,       )
INC.,                            )
                                 )
              Plaintiff,         )
vs.                              )          NO.  CIV-12-1212-HE
                                 )
MAY AVENUE FORD, LLC, *et al.*,  )
                                 )
              Defendants.        )

## ORDER

Plaintiff Allegiant Marketing Group, Inc. ("Allegiant") sued May Avenue Ford, L.L.C., Chad Brooks, Accelerated Dealer Services, LLC, Platinum Plus Printing, LLC, M & N Dealerships V, LLC ,Veugeler Design Group, Inc., and M & N Dealerships IV, LLC alleging claims under the federal Copyright Act and a claim under state law for interference with prospective business interests.  Defendants have filed motions to dismiss plaintiff's tortious interference claim, pursuant to Fed.R.Civ.P. 12(b)(6),[1] which the court concludes should be granted.[2]

Defendants assert that plaintiff's state law interference claim is preempted by the Copyright Act, 17 U.S.C. § 101 *eq. seq.*  Section 301 of the Act describes the extent to which

---

[1]*Multiple motions were filed, but two incorporated the arguments made in the motion to dismiss filed by defendants May Avenue Ford, L.L.C., Chad Brooks, Accelerated Dealer Services, LLC, Platinum Plus Printing, LLC, M & N Dealerships V, LLC , and M & HN Dealerships IV, LLC [Doc. #80].  M & N Dealerships IV, LLC was included in the group motion to dismiss, but it also filed an individual motion to dismiss.*

[2]*Plaintiff asserts that "Defendants have arguably waived the right to press this motion by not filing it in a timely fashion."  Doc. #95, p. 2.  The motion, asserted in response to plaintiff's second amended complaint, was timely.*

state common-law and statutory causes of action are preempted.  It provides in part:

> (a) [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

> (b) Nothing in this title annuls or limits
> any rights or remedies under the common law or statutes of any State with respect to--
> . . .

> (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106;

17 U.S.C. § 301.  "[A] state-law claim is preempted if '(1) the work is within the scope of the "subject matter of copyright" as specified in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106.'"  R.W. Beck, Inc. v. E3 Consulting, LLC, 577 F.3d 1133, 1146 (10th Cir. 2009) (quoting Gates Rubber Co. v. Bando Chem. Indus., Ltd., 9 F.3d 823, 838 (10th Cir.1993).

Defendants contend that plaintiff's claim meets both prongs of the preemption test. As plaintiff  does not challenge the first requirement, preemption "turns on whether the state-law rights asserted by [plaintiff] are equivalent to any of the exclusive rights within the general scope of copyright, as specified in 17 U.S.C. § 106." Id. at 1147.  Section 106 grants copyright owners the exclusive rights to " (1) reproduce the copyrighted work; (2) prepare

derivative works; (3) distribute copies of the work; (4) perform the work publicly; and (5) display the work publicly." *Id.* As explained by the Tenth Circuit, a state law violation is deemed preempted, "[w]hen a right defined by state law may be abridged by an act which, in and of itself, would infringe one of the exclusive rights." *Id.* (internal quotations omitted). It is not preempted if the state law violation is "predicated upon an act incorporating elements beyond mere reproduction or the like." *Id.* (internal quotations omitted).

In its second amended complaint, plaintiff alleges that:[3]

> By copying, reproducing, distributing and selling Plaintiff's works for their own commercial use and benefit, Defendants interfered with, impeded and/or prevented Plaintiff's ability to realize commercial gain from their creative efforts. Specifically, Defendants poached particular customers who desired to run marketing promotions using Plaintiffs' works. In addition, the sale of copies of Plaintiff's copyrighted work to Plaintiff's potential customer has decreased Plaintiffs' ability to build further market its Mystery Mania program.

> As a result of Defendants' conduct, Plaintiff has been denied the right and opportunity to create business relationships and to generate income therefrom.

Doc. #74, ¶¶42,43. Plaintiff argues that it has alleged two types of interference – interference with its contractual relationship with the Connor Auto Group[4] and a "general claim" of interference with prospective business interests, based on lost sales of non-copyrighted mail programs or "follow-on mail campaigns." Doc. #95, pp. 6-7. It asserts that, because the

---

[3]*When considering whether a plaintiff's claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007).*

[4]*Although plaintiff refers in its brief to interference with an existing contract, Doc. #95, p. 4, it did not plead such.*

elements of its state law claim "differ from those of copyright claims," Doc. #95, p 2, its tortious interference claim is not preempted.

Plaintiff's argument is flawed.  First, it has not alleged in the second amended complaint that it had a "valid and enforceable contract with Connor." Doc. #95, p. 4.[5] Second, the extra element it relies on to distinguish its claim of interference with prospective business interests from mere copyright infringement is intent, whether the defendant's conduct is "'malicious and wrongful.'" *Id.* at p. 7.  However, "[t]he addition of a scienter element does not change what <u>acts</u> are prohibited but merely narrows the applicability of the statute." <u>Beck</u>, 577 F.3d at 1148 (internal quotations omitted).  It does not alter the fundamental nature of the action or "convert [Allegiant's] claim to something more than the equivalent of a claim of copyright infringement." *Id.  See* <u>Stromback v. New Line Cinema</u>, 384 F.3d 283, 301 (6th Cir. 2004) ("The existence of an extra element precludes preemption only where the element changes the nature, rather than the scope, of the action.").

In <u>Ehat v. Tanner</u>, 780 F.3d 876 (10th Cir. 1985), the plaintiff sued the defendants alleging he was injured by their "unauthorized reproduction and sale of literary material in which [the plaintiff] claimed a proprietary interest." *Id.* at 877.  Plaintiff sought, as part of his damages, to recover for the "reduction in the market value of his master's thesis due to the misappropriation" and "for general damage to his reputation as a scholar resulting from

---

[5]*The cases plaintiff cites are distinguishable.  Both <u>MDY Indus., LLC  v. Blizzard Entm't, Inc.,</u> 629 F.3d 928, 957 (9th Cir. 2010) and <u>Telecom Tech. Servs. Inc. v. Rolm Co.,</u> 388 F.3d 820, 833 (11th Cir. 2004) involved  tortious interference with <u>contract</u> claims.*

defendant's unlawful and improper publication." *Id.* at 879 (internal quotation omitted). The Tenth Circuit concluded that Ehat's claim was preempted as his injuries "flow[ed] from the reproduction of the material" and "arose out of the copying of [his] work." *Id.* at 879.

The tortious interference claim Allegiant pleaded in its second amended complaint similarly asserts damages arising out of the "copying, reproducing, distributing and selling Plaintiff's works." Doc. #74, ¶42. The "nature of [Allegiant]'s claim [is] equivalent to one within the scope of the federal copyright." Ehat, 780 F.3d at 879. *See* Beck, 577 F.3d at 1145-1149 (plaintiff's state law claims of unfair competition and unjust enrichment preempted by the Copyright Act). Plaintiff's tortious interference with prospective business claim is therefore preempted.[6] Stromback, 384 F.3d at 306 ("Generally, tortious interference claims (with contract or prospective economic advantage) are held to be preempted because the rights asserted in such claims are not qualitatively different from the rights protected by copyright.").

Accordingly, as the court concludes that "the foundation of [Allegiant's tortious interference] claim is [defendants'] violation of rights that are **GRANTED** under and protected by the Copyright Act," *id.* at 307, defendants' motions [Doc. Nos. 80, 88, 93 ] are

---

[6]*If plaintiff had pleaded a claim for tortious interference with contract, it probably would have been preempted. See 1 Melville B. Nimmer & David Nimmer,* Nimmer on Copyright *§ 1.01 [B][1][a][ii] (2013) ("Insofar as unauthorized reproduction, distribution, performance, or display causes the plaintiff to lose the benefits that would flow from an actual or prospective contract n94 whereby plaintiff would authorize any such acts, the rights created by the tort of contract interference do not appear to differ qualitatively from rights under copyright; copyright also contemplates loss of actual or prospective contract benefits by reason of such unauthorized acts. Pre-emption in this context would, then, appear to be justified.").*

**GRANTED**.    Plaintiff's interference with prospective business interests claim is **DISMISSED**.[7]

      **IT IS SO ORDERED**.

Dated this 14th day of November, 2013.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

    [7]*Defendants' prior motions to dismiss [Doc. Nos. 62, 75] were mooted by plaintiff's amendment of its complaint.*