IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) Allegiant Marketing Group, Inc., an Oklahoma company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| (1) May Avenue Ford, LLC, d/b/a David Stanley Ford, | ) ) ) ) | CASE NUMBER: CIV-12-1212-HE |
| (2) Chad Brooks, | ) ) | |
| (3) Accelerated Dealer Services, LLC, | ) ) | |
| (4) Platinum Plus Printing, LLC, | ) ) | |
| (5) M&N Dealerships V, LLC d/b/a Lawton Chrysler Jeep Dodge, | ) ) ) | |
| (6) Veugeler Design Group, Inc., | ) ) | |
| (7) M&N Dealerships IV, LLC d/b/a Barry Sanders Supercenter, | ) ) ) | |
| Defendants. | ) ) ) | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a), the Defendants, Accelerated Dealer Services, L.L.C. and Chad Brooks, will take the oral deposition of Moriah Cina on March 6, 2014 at 10:00 a.m. at the offices of Crowe & Dunlevy, P.C., 20 N. Broadway, Suite 1800, Oklahoma City, OK 73102. A copy of the Subpoena is attached hereto as Exhibit 1. The deposition will be recorded stenographically.

Dated: February 21, 2014

                Respectfully submitted,

                s/Evan G. Vincent
                Drew T. Palmer, OBA #21317
                Evan G. Vincent, OBA #22325

2542326.1

CROWE & DUNLEVY
A Professional Corporation
20 North Broadway
Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
drew.palmer@crowedunlevy.com
evan.vincent@crowedunlevy.com
Attorneys for Defendants Accelerated Dealer
Services, L.L.C., and Chad Brooks

CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of February, 2014, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Edward L. White
Kyle D. Evans
James L. Gibbs, II
Greg A. Castro
Terry W. Tippens
Timothy A. Heefner
D. Ward Hobson
Douglas J. Sorocco
Emily E. Campbell
Joseph P. Titterington
Jared B. Cunningham

s/ Evan G. Vincent

2542326.1

Issued by the
# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) Allegiant Marketing Group, Inc., an Oklahoma company,<br><br>Plaintiff,<br><br>v.<br><br>(1) May Avenue Ford, LLC, d/b/a David Stanley Ford,<br><br>(2) Chad Brooks,<br><br>(3) Accelerated Dealer Services, LLC,<br><br>(4) Platinum Plus Printing, LLC,<br><br>(5) M&N Dealerships V, LLC d/b/a Lawton Chrysler Jeep Dodge,<br><br>(6) Veugeler Design Group, Inc.,<br><br>(7) M&N Dealerships IV, LLC d/b/a Barry Sanders Supercenter,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **SUBPOENA IN A CIVIL CASE**<br><br><br><br><br><br><br><br>CASE NUMBER: CIV-12-1212-HE |

TO:   Moriah Cina
      1504 Davis
      Lindsay OK 73052

| | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. Your testimony will continue from day to day until completed. |
|---|---|
| | PLACE OF TESTIMONY:     COURTROOM |
| |     DATE AND TIME |

| X | YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition to be recorded by stenographic means in the above case: |
|---|---|
| | PLACE OF DEPOSITION: Crowe & Dunlevy, P.C.<br>20 N. Broadway, Suite 1800<br>Oklahoma City, OK 73102     DATE AND TIME<br>March 6, 2014<br>10:00 am |

| | YOU ARE COMMANDED to produce and permit inspection and copying of the documents listed on Exhibit A to this subpoena at the place, date, and time specified below: |
|---|---|
| | PLACE: |

EXHIBIT "____1____"

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|---|
| PREMISES: | | DATE AND TIME |

　　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT), [signature] <br> Attorney for Defendants Chad Brooks and Accelerated Dealer Services, LLC | DATE <br> February 21, 2014 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Evan G. Vincent, Crowe & Dunlevy, 20 North Broadway, Suite 1800, Oklahoma City, OK  73102   Phone: 405-239-6696

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c)     **PROTECTING A PERSON SUBJECT TO SUBPOENAS.**
    (1)     *Avoiding undue burden or expenses; Sanctions.* A party or an attorney responsible for the issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fee.
    (2)     *Command to Produce Materials or Permit Inspection.*
        (A)     *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for a deposition, hearing or trial.
        (B)     *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises -- or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i)     At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii)     These acts may be required only as directed in the order, and the the order must protect a person who is neither a party nor a party's officer from significant expenses resulting from compliance.
    (3)     *Quashing or Modifying a Subpoena.*
        (A)     *When Required.* On timely motion, the issuing court must quash a subpoena that:
            (i)     fails to allow reasonable time to comply;
            (ii)     requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person -- except that, subject 45(c)(3)(B)(iii) the person may be commanded to attend a trail by traveling from such place within the state where the trial is held;
            (iii)     requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
            (iv)     subjects a person to undue burden.
        (B)     *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i)     discloses a trade secret or other confidential research, development, or commercial information;
            (ii)     discloses an unretained expert's opinion or information that does not dispute and results from the expert's study that was not requested by a party; or
            (iii)     a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C)     *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i)     shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii)     ensures that the subpoenaed person will be reasonably compensated.
(d)     DUTIES IN RESPONDING TO SUBPOENA.
    (1)     *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
        (A)     *Documents.* A person responding to a subpoena to produce documents shall produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B)     *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must product it in a form or forms in which it is ordinarily maintained or in a reasonably sable form or forms.
        (C)     *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    (D) *Inaccessible Electronically Stored Information.* The person responding need not produce discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) ***Claiming Privilege or Protection.***
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly made the claim; and
     (ii) described the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to access the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

2542322_1